## MISCONDUCT THAT DOES NOT WORK PREJUDICE.

### Common Pleas Court of Hamilton County.

### LOUIS B. SAWYER v. THE NATIONAL LABEL COMPANY.

#### Decided, December, 1910.

*Attorney and Client—Breach of Duty on the Part of Counsel in Going Outside of the Record in Argument to the Jury—Not Ground for Setting the Verdict Aside, When.*

While it is breach of duty for an attorney to go outside of the record in his remarks to the jury, such an act does not warrant the setting aside of the verdict, where the sole issue was as to the value of certain legal services, and the misconduct of counsel manifestly had no effect upon the jury as shown by the fact that the verdict returned was for only half the amount asked whereas the evidence would have warranted a finding for the full amount.

*Froome Morris,* for plaintiff.
*J. T. Harrison,* contra.

DICKSON, J.

Opinion on motion for a new trial.

Sawyer brought this suit to obtain a judgment on an account for legal services. During the trial the president of the defendant company admitted that the various services set out in the

petition had been rendered; but claimed that payment for the larger part of them had been made. · On this claim of payment the court held against the defendant as a matter of law. Thereupon, this president of the defendant company admitted during the trial that some money on the account was due plaintiff; but denied that the amount sued for was correct. The only issue before the jury was the value of the services rendered. Verdict ·was rendered against the defendant in an amount less than that sued for.

Now motion is made to set aside this verdict, because, among other grounds, misconduct of the attorney for the prevailing party, because this attorney claimed to the jury that the president of the defendant company had a law suit with his own daughter, when no evidence as to such fact was before the jury.

The court finds that there was no evidence warranting such statement. Did the conduct of defendant's counsel wrongfully prejudice the jury so. that they did not thereby properly weigh the evidence? Has the truth been ascertained?

An attorney who in his argument goes outside of the record does so at his peril. Such conduct is a breach of duty—is a fault. It is not every fault which destroys, but faults do not and should not win success.

The issue for the jury in this case was as to the value of legal services, the weight of expert legal testimony. There was no other issue. The credibility of the witness, the president of the defendant company, was not in question.

The court is of the opinion that the misconduct of counsel in this case did not work a prejudice against the defendant— had no effect on the jury, and that the truth has been ascertained. This opinion is further fortified by the facts—that the verdict was about one-half of the amount sued for—and that there was testimony which would have warranted the jury in finding for the full amount.

The motion to set aside the verdict will be denied.